UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOTT NASH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL MARTEL,<br><br>　　　　　Respondent. | No. 1:25-cv-01813-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

　　　　Petitioner is currently detained at the Fresno County Jail. He has filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After conducting a preliminary review, the Court finds that the petition should be dismissed.

**DISCUSSION**

A.　　Preliminary Review of Petition

　　　　Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.

1

2001).

B.     Background

Petitioner states he is in custody in Fresno County Jail pending trial in Fresno County Superior Court for discharge of a firearm at an occupied building. Petitioner does not appear to be challenging these proceedings. In his sole claim for relief, Petitioner contends that he was advised to plead guilty to possession of an inmate manufactured weapon despite being ruled incompetent. (Doc. 1 at 3.) He claims this occurred in Amador County Superior Court on or about May 20, 2001, while housed in Mule Creek State Prison. (Doc. 1 at 3.) He contends that under the terms of the plea, he was sentenced to four years in prison. (Doc. 1 at 3.)

To the extent Petitioner seeks to challenge his Fresno County case, the Court should abstain from interfering in state proceedings. To the extent Petitioner challenges his previous conviction from Amador County, the Court lacks jurisdiction.

C.     Younger Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

The law of habeas corpus also provides guidance on when a district court should abstain from review of a claim. To be granted federal habeas corpus relief, the petition must have exhausted his available state remedies. 28 U.S.C. § 2254(b). The rule of exhaustion is based on comity to the state court and gives the state court the initial opportunity to correct the state's

alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991). The exhaustion requirement can be satisfied by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971)

Here, state criminal proceedings are ongoing in Fresno County Superior Court. California has an important interest in passing upon and correcting violations of a defendant's rights. Roberts v. Dicarlo, 296 F.Supp.2d 1182, 1185 (C.D. Cal. 2002) (citing Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003). The trial court remains available as an adequate forum for Petitioner to seek relief. In addition, the California Court of Appeal and the California Supreme Court are adequate forums for Petitioner to seek further relief for his claims. Roberts, 296 F.Supp.2d at 1185. Therefore, the Court recommends abstaining from interfering in state proceedings pursuant to Younger.

D.   Lack of Jurisdiction

Pursuant to 28 U.S.C. § 2254(a), the Court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." (emphasis added.) Thus, in order to obtain habeas relief under 28 U.S.C. § 2254(a), the petitioner must demonstrate that he is "in custody" at the time the petition is filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998). If he is not "in custody," the Court is without jurisdiction to entertain the petition. Maleng v. Cook, 490 U.S. 488, 490 (1989) (*per curiam*); Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir.1998). In addition to the petitioner being in custody when the petition is filed, his claim must assert the right to be released. U.S. v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (as amended).

Here, Petitioner is not in custody for his Amador County conviction and is in custody pending charges in Fresno County. In Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401 (2001), the Supreme Court determined that a petitioner no longer serving a sentence on a prior conviction cannot bring a federal habeas petition directed at that conviction. Because Petitioner is not in custody for the Amador conviction, he cannot bring a federal habeas petition

3

directed at it.

**ORDER**

The Clerk of Court is directed to assign a District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **December 15, 2025**            /s/ *Sheila K. Oberto*
                              UNITED STATES MAGISTRATE JUDGE