**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELLIOTT NASH, | Case No. 1:25-cv-01813 KES SKO (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE THIS CASE |
| v. | |
| MICHAEL MARTEL, | |
| Respondent. | Doc. 5 |

Elliott Nash is a detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The magistrate judge performed a preliminary review of the petition and found that Nash recounted events from May 2001 and appeared to "challenge[] his previous conviction from Amador County." Doc. 5 at 2. The magistrate judge found the court lacks jurisdiction over such a claim because Nash is no longer in custody for the Amador County conviction, and instead he is "in custody pending charges in Fresno County." *Id.* at 3. To the extent Nash seeks to challenge his current detention, which is based on his pending charges in Fresno County Superior Court, the magistrate judge found the court should abstain pursuant to *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), as petitioner should address in his pending state criminal proceeding any claim he may have with respect to such detention. *Id.* at 2-3. Thus, the magistrate judge recommended the petition be dismissed. *Id.* at 4.

1

The court served the findings and recommendations upon Nash and notified him that any objections were due within 21 days. Doc. 5 at 4. The court also "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." *Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). Nash did not file objections, and the time to do so has expired.

Pursuant to 28 U.S.C. § 636(b)(1), the court conducted a de novo review of the case. Having carefully reviewed the matter, the court concludes the findings and are supported by the record and proper analysis.

The court also finds a certificate of appealability should not be issued. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 33536 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on procedural grounds, the court may issue a certificate of appealability only if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, reasonable jurists would not find dismissal of the petition debatable or wrong. Nash also did not make the required substantial showing of the denial of a constitutional right. Thus, the court **ORDERS**:

1. The findings and recommendations issued on December 17, 2025 (Doc. 5), are **ADOPTED** in full.

2. The petition for writ of habeas corpus is **DISMISSED**.

3. The Clerk of Court is directed to enter judgment and close the case.

4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    February 11, 2026

UNITED STATES DISTRICT JUDGE

2